THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON WELLER,

    Plaintiff,

v.

TEXTRON, INC., et al.,

    Defendants.

4:17-CV-1201
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case arises out of an airplane crash that killed Gary Weller in 2015. On July 10, 2017, the decedent's wife, Sharon Weller, ("Plaintiff"), filed a Complaint against Textron, Inc., Avco Corporation, and Lycoming Engines which asserted claims for negligence, (Count I), and product liability, (Count II). (Doc. 1). Textron, Inc., Avco Corporation, and Lycoming Engines jointly filed a Motion to Dismiss on August 11, 2017. (Doc. 13). Thereafter, Plaintiff filed an Amended Complaint which dropped her claims against Textron, Inc., and Lycoming Engines. (Doc. 18). In addition to dropping those two parties, the Amended Complaint resolved most, but not all, of the issues raised in the Motion to Dismiss. As at least one issue remained outstanding, Plaintiff submitted a Brief in Opposition to the Motion to Dismiss. (Doc. 22). Avco Corporation, ("Defendant"), subsequently submitted a Reply Brief which appeared to disagree with Plaintiff as to the extent of the issues resolved by the amendments to Plaintiff's Complaint. (Doc. 23).

On October 11, 2017, the parties filed a stipulation in which both Plaintiff and Defendant agreed that a single issue raised in Defendant's Motion to Dismiss remains unresolved. (Doc. 29). Thereafter, the parties submitted supplemental briefs presenting their arguments on the unresolved issue. (Docs. 30, 31). Upon careful review of the parties' submissions, and for the reasons that follow, the Court will deny Defendant's Motion to Dismiss.

## II. FACTUAL ALLEGATIONS

Plaintiffs' Amended Complaint alleges the following facts which, for the purposes of resolving Defendant's Motion, the Court takes as true:

On October 24, 2015, Plaintiff's husband, Gary Weller, was killed in an airplane crash. (Doc. 18 at ¶¶ 15-16). The crash occured because the airplane's power plant failed due to a fractured crankshaft. (*Id.* at ¶¶ 17-18). The power plant and crankshaft at issue were designed, manufactured, and inspected by Defendant. (*Id.* at ¶¶ 5, 17). Additionally, Defendant had rebuilt and overhauled the airplane's engine in 2001. (*Id.* at ¶¶ 6-7).

## III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at

3

678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

## IV. ANALYSIS

The parties agree that the sole remaining issue with respect to Defendant's Motion to Dismiss relates to paragraphs 23 and 28 of Plaintiff's Amended Complaint. (Doc. 29). The contested paragraphs—one of which appears in the allegations of Count I and the other of which appears in the allegations of Count II—are identical and allege that "Defendant knowingly misrepresented, or concealed and withheld, the defects in their [sic] crankshaft design and manufacture from the FAA [Federal Aviation Administration] and owners and operators, which was a direct and proximate cause of this failure and crash." (Doc. 18 at ¶¶ 23, 28). Defendant argues that these allegations fail to satisfy the pleading standards of Federal Rule of Civil Procedure 9(b). (Doc. 15 at 7).

Rule 9(b) provides, in part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). Nevertheless, as Plaintiff

4

readily admits, the Amended Complaint does not purport to plead a claim for fraud. (Doc. 22 at 3). Instead, the Amended Complaint explicitly raises two claims: negligence and product liability. (Doc. 18 at ¶¶ 19-29). Further, as Defendant correctly states in its brief, "fraud on the FAA is not an element of the two claims Plaintiff is pursuing against Avco." (Doc. 30 at 3). Thus, because none of Plaintiff's claims are dependent on paragraphs 23 or 28, those allegations are superfluous,[1] and any flaw in those averments do not subject either of Plaintiff's claims to dismissal under Rule 12(b)(6). See *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 269-74 (3d Cir. 2006) (reversing dismissal of claims brought under the Securities Act of 1933 because, while the wording of the claims were associated with fraud, the claims themselves were grounded in negligence and, therefore, Rule 9(b)

---

[1] The Court recognizes that it is Plaintiff's position that these paragraphs are necessary because she believes that Defendant will assert a defense under the General Aviation Revitalization Act of 1994 ("GARA"), 49 U.S.C. § 40101 note. GARA prevents a civil litigant from bringing an action against an airplane manufacture which "aris[es] out of an accident involving a general aviation aircraft" eighteen years after certain specified statutory criteria occur. GARA §§ 2(a), 3(3). There is, however, an exception to GARA's general rule

> if the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer with respect to a type certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or a component, system, subassembly, or other part of an aircraft knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, that is causally related to the harm which the claimant allegedly suffered.

GARA § 2(b)(1). It is safe to say, however, that the only defense Defendant has raised at this point in the litigation is that Plaintiff has failed to state a claim for which relief can be granted. Thus, the Court will not engage in any speculative analysis about what defenses Defendant may or may not raise at some later time or what effect those defenses will have on the litigation.

was inapplicable), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007).

Defendant, however, does not seek dismissal of either of Plaintiff's claims. Instead, Defendant requests that this Court "enter an Order dismissing and striking paragraphs 23 and 28 of the Amended Complaint." (Doc. 30 at 6). Nonetheless, Defendant has requested such relief via a Motion to Dismiss made pursuant to Rule 12(b)(6). (Doc. 15 at 6-7). By its terms, Rule 12(b)(6) allows a party to assert that a pleading "fail[s] to state a *claim* upon which relief can be granted." FED. R. CIV. P. 12(b)(6)(emphasis added). As such, a motion made pursuant to Rule 12(b)(6) is an improper mechanism to seek to strike allegations that are superfluous to a pleaded claim.[2]

The two cases Defendant cites to support its position are not to the contrary. *In re NationsMart Corporation Securities Litigation*, 130 F.3d 309 (8th Cir. 1997), determined whether a district court erred in dismissing a claim under § 11 of the Securities Act of 1933 for failing to comply with the pleading requirements of Rule 9(b). 130 F.3d at 314. As the Court explained,

---

[2] That is not to say, of course, that Rule 9(b) may never be enforced via a Rule 12(b)(6) motion. See 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1300 (3d ed. 2004) ("Since Federal Rule 9(b) does not expressly authorize a motion for its enforcement, a challenge to a pleading based on insufficient particularization of the circumstances of an alleged fraud typically is packaged with a motion to dismiss (Rule 12(b)(6)), or a motion for a more definite statement (Rule 12(e)), or a motion to strike (Rule 12(f))."). For example, if a plaintiff's claim sounded in fraud or had fraud as one of its elements, a Rule 12(b)(6) motion may be a proper mechanism to attack such a claim if the allegations of fraud do not meet the pleading requirements of Rule 9(b). On the other hand, it is improper to use a Rule 12(b)(6) motion to attack singular allegations on which no claim is dependent because such a motion is not arguing that the pleading "fail[s] to state a claim upon which relief can be granted."

> Section 11 imposes civil liability on persons preparing and signing materially misleading registration statements. 15 U.S.C. § 77k(a) (1994). A registration statement is materially misleading if it contains an untrue statement of material fact or if it omits a material fact necessary to prevent the statement from being misleading. *Id.*

*Id.* at 314. The Court noted that "[i]n their complaint, the plaintiffs made clear that they did not allege in the context of their § 11 claim that the defendants were liable for fraudulent or intentional conduct." *Id.* at 315. Therefore, the Court held that the plaintiffs' § 11 "claim should not have been dismissed for failing to comply with Rule 9(b)." *Id.* In dicta, the Court stated that

> even if the plaintiffs were alleging fraudulent conduct under § 11, as the defendants argue in their brief, any such allegation would be mere surplusage. The only consequence of a holding that Rule 9(b) is violated with respect to a § 11 claim would be that any allegations of fraud would be stripped from the claim. The allegations of innocent or negligent misrepresentation, which are at the heart of a § 11 claim, would survive. The plaintiffs' case should not have been dismissed because they alleged more than was necessary to recover under § 11 of the Securities Act.

*Id.*

Here, negligence and product liability are the heart of Plaintiff's claims. Thus, just as in *NationsMart*, the inclusion of superfluous allegations do not subject Plaintiff's otherwise well-pleaded claims to dismissal. Further, the issue of whether a Rule 12(b)(6) motion is the proper mechanism to strike specific allegations for failing to comply with Rule 9(b) when the movant is not otherwise seeking dismissal of any claims was not before the *NationsMart* Court. Thus, the language in *NationsMart* that superfluous allegations of fraud should be

7

"stripped from the claim" is of little value to this Court in determining whether a Rule 12(b)(6) motion may be used to strike such allegations from an otherwise well-pleaded complaint.

The other case Defendant cites, *Vess v. Ciba-Geigy Corporation USA*, 317 F.3d 1097 (9th Cir. 2003), is similarly unhelpful with respect to the issue at hand. In *Vess*, the Court was faced with the question of how to apply "Rule 9(b) in a case where fraud is not an essential element of the claim, and where allegations of both fraudulent and non-fraudulent conduct are made in the complaint." 317 F.3d at 1104. In such a case, "if particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim." *Id.* at 1105 (first quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001), then quoting *NationsMart*, 130 F.3d at 315). The defendant in *Vess*, however, "made no motion under Rule 12(b)(6)" with respect to the allegations it claimed did not comply with Rule 9(b). *Id.* Accordingly, *Vess* does not stand for the proposition that a Rule 12(b)(6) motion is a proper vehicle to strike superfluous allocations in a complaint.

Possibly recognizing the defect in its Motion, Defendant invites this Court, pursuant to Federal Rule of Civil Procedure 12(f), to strike paragraphs 23 and 28 "on its own" as "impertinent, immaterial, and scandalous matter that has no place in this litigation unless and until GARA is placed at issue." (Doc. 30 at 3). Rule 12(f) provides

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > **(1)** on its own; or
> >
> > **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

FED. R. CIV. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). "Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010) (internal quotation marks omitted).

Here, although Plaintiff has pleaded more than was necessary to state claims for negligence and product liability, the allegations in paragraphs 23 and 28 go directly to what Defendant knew about the alleged problems with the crankshaft and what Defendant did with that knowledge. As such, they may be relevant to Plaintiff's request for punitive damages. (Doc. 18 at ¶ 31). Further, Defendant has not shown that there is a risk of prejudice to Defendant if the allegations remain in Plaintiff's Amended Complaint or that the allegations will confuse the issues in this litigation. Accordingly, the Court declines to strike paragraphs 23 and 28 on its own motion.

## V. Conclusion

For the reasons outlined above, this Court will deny Defendant's Motion to Dismiss, (Doc. 13). A separate Order follows.

Robert D. Mariani
United States District Judge